419 So.2d 57 (1982)
Burnell CARROLL
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. O. D. CARROLL
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
Nos. 14929, 14930.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1982.
*58 Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Shreveport, for defendant-plaintiff in reconvention-third party plaintiff-appellant, State Farm Mut. Auto. Ins. Co.
Cook, Yancey, King & Galloway by John D. Collinsworth, Shreveport, for third party defendant-appellant, Intech Funding Corp.
Whitehead & McCoy by Charles R. Whitehead, Natchitoches, for plaintiff-appellee, Burnell Carroll.
John Clifton Conine, Natchitoches, for plaintiff-appellee, O. D. Carroll.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
In these consolidated cases arising out of a one-car accident, the driverowner of the vehicle involved in the accident, O. D. Carroll, and his guest passenger, Burnell Carroll, seek recovery for property damage and personal injury under an automobile collision and liability policy issued by State Farm Mutual Automobile Insurance Company to O. D. Carroll. State Farm filed a motion for summary judgment alleging that coverage under its policy was terminated on February 26, 1980, two days before the accident, pursuant to proper written notice of cancellation. The trial court overruled State Farm's motion on the basis that the purported cancellation by Intech Premium Funding Corporation, the company through which O. D. Carroll had financed his insurance premium, did not comply with statutory requirements and that, consequently, the cancellation was ineffective. The court further found there were disputed issues of fact. State Farm then filed a third party demand against Intech seeking full indemnity for any sums for which State Farm was cast in judgment.
After trial, the district court found the policy to be in effect on the date of the accident and rendered judgment in favor of plaintiffs against State Farm for a total of $7,300 and rendered judgment on the third party demand in favor of State Farm against Intech for this sum. State Farm and Intech appealed. We amend the judgment on the third party demand to reduce the sum for which Intech was cast in judgment to the amount of premium refunded by State Farm to Intech, and otherwise affirm.
In September 1979, O. D. Carroll purchased a 1977 Ford LTD and secured insurance on the vehicle with State Farm, effective October 2, 1979. The annual insurance premium was financed by Intech Premium Funding Corporation. A substantial down payment was made by Carroll to Intech with the balance to be paid in monthly installments. In the financing agreement, O. D. Carroll granted Intech an irrevocable power of attorney with full authority to cancel the insurance policy in the event the insured defaulted in the payment of any installment under the premium financing agreement.
For several months, O. D. Carroll paid the installments due Intech. Although most of the installments were paid after the due date, Intech accepted them. On January 30, 1980, Intech mailed to Carroll a notice of intent to cancel if the January payment was not received by February 13. Carroll purchased a money order for the amount of the past due installment and mailed it to Intech on February 15. The money order was received by Intech on February 25. On February 20, Intech mailed to Carroll a notice of cancellation of the State Farm policy which stated the cancellation was to be effective on February 24. State Farm was sent a copy of the cancellation notice and on March 12, the insurance company sent Carroll a notice that the policy was canceled effective February 26, pursuant to Intech's request under its power of attorney. The accident in question occurred on February 28, 1980.
In Cockern v. Government Employees Insurance Company, 415 So.2d 330 (La.App.2d Cir. 1982), this court held that, under LSA-R.S. 22:636.1, in order for cancellation of an *59 insurance policy for nonpayment of premium to be effective at least ten days prior notice of the cancellation must be given to the insured. Under the statute, sufficient notice of cancellation for nonpayment of premium is required whether the premium is payable directly to the insurer or indirectly under any premium finance plan.
Because the notice of cancellation in this case was not mailed 10 days prior to the effective date of cancellation and the date of the accident, the purported cancellation was ineffective and the insurance policy remained in effect through the date of the accident. Defendant's argument that the notice of intent to cancel gave the insured more than 10 days notice of the cancellation is without merit. Notice of intent to cancel if a premium is not paid is not the same as the notice of cancellation for nonpayment of premium required by LSA-R.S. 22:636.1. Therefore, the trial court was correct in finding coverage under the policy and in granting plaintiffs judgment against State Farm.
It is noted that the facts of this case arose prior to the enactment of Act 694 of 1980 by which the legislature added LSA-R.S. 9:3550 regulating insurance premium finance companies. This statute requires 10 days notice from the premium financing company to the insured in the event the company exercises its power of attorney to cancel the insurance policy upon default under a premium finance agreement.
While the trial court was correct in casting State Farm in judgment, it erred in granting State Farm full indemnity over and against Intech for all sums for which State Farm was cast in judgment. State Farm claims in its third party demand that it relied to its detriment on Intech's improper notice of cancellation. State Farm issued the policy and was paid the full amount of the annual premium. State Farm's position after the purported cancellation was no different than it was before Intech's action; it remained insurer of the Carroll automobile. It was not entitled to rely on the notice of cancellation given by Intech, which on its face did not comply with the law. The only detriment or damage to State Farm which occurred because of its reliance on the purported cancellation is that it refunded to Intech the unearned portion of the annual premium, $148.95, and the unearned portion of the producer's commission, $16.55. State Farm is thus entitled to recover the sum of $165.50 on its third party demand against Intech but may not recover from Intech the full amount of the judgment rendered in favor of plaintiffs against State Farm under the terms of the insurance policy. The judgment will be amended to reduce the amount for which Intech is cast in judgment to the sum of $165.50.
For the foregoing reasons, the judgment of the trial court in favor of O. D. Carroll and Burnell Carroll and against State Farm Mutual Automobile Insurance Company is affirmed. The judgment in favor of third party plaintiff State Farm Mutual Automobile Insurance Company and against third party defendant Intech Premium Funding Corporation is amended to reduce the amount of the award from $7,300 to $165.50, and to eliminate the assessment of costs to Intech Premium Funding Corporation. All costs of this appeal are assessed to State Farm Mutual Automobile Insurance Company.
Amended, and as amended, affirmed.