468 So.2d 841 (1985)
DAIRYLAND INSURANCE COMPANY
v.
Freddie MARKS and State Farm Mutual Automobile Insurance Company.
Mrs. Ellen McKNIGHT
v.
Freddie MARKS and State Farm Mutual Automobile Insurance Company.
Nos. 84 CA 0277, 84 CA 0276.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*842 Joseph G. Simmons, Baton Rouge, for plaintiff-appellee Dairyland Ins. Co.
Ellen McKnight, plaintiff-appellee, in pro. per.
Leo J. Berggreen, Baton Rouge, for defendant-appellee Freddie Marks.
Thomas A. Lane, Baton Rouge, for defendant-appellant State Farm Mut. Auto. Ins. Co.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the City Court of Baton Rouge which held that the automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Company (State Farm) to Freddie Marks, (Marks) was in effect on December 18, 1981.
This case arises out of an automobile accident that occurred on December 18, 1981. Mrs. Ellen McKnight (McKnight) was stopped in the southbound lane on South Acadian Thruway. Mrs. Virgie McNeely (McNeely) and a guest passenger, Mr. Amos Charlton, were stopped directly behind the McKnight vehicle. Before the traffic light turned green, the Marks' vehicle struck the McNeely vehicle causing it to collide with McKnight's vehicle. McNeely and the guest passenger sustained personal injuries and McKnight's vehicle was damaged.
At trial of the consolidated suits arising from the accident, all parties stipulated that Marks' fault was the sole cause of the accident and to the amount of damages. The only remaining issue is whether the policy issued by State Farm to Marks was effective on December 18, 1981, the date of the accident. State Farm maintains that the policy was cancelled on December 15, 1981, three days before the accident. State Farm alleges that the city court erred in not finding that the policy was properly cancelled pursuant to documents received *843 from Regal Premium Finance Company (Regal) and in accordance with La.R.S. 9:3550(G).[1]
It is undisputed that there was a premium finance agreement between Marks and Regal wherein Regal financed the insurance premiums due to State Farm. Under the agreement, Marks was to pay to Regal $28.80 per month on the 11th of each month.[2]
La.R.S. 9:3550 sets forth the requirements necessary for an insurance premium finance company to cancel an insurance policy. This statute requires 10 days notice of cancellation from the premium finance company to the insured in the event the company exercises its power of attorney to cancel the insurance policy upon default under a premium finance agreement. Regal claims to have sent a cancellation notice which made cancellation effective on December 15, 1981. The notice claimed to have been sent read in bold 3/16 inch red letters as follows: "IMPORTANT: INSURANCE IS SUBJECT TO CANCELLATION IF PAYMENT IS NOT RECEIVED WITHIN 10 DAYS OF THIS NOTICE."
Prior to the enactment of La.R.S. 9:3550, the requirements necessary for a premium finance company to cancel a policy was governed by La.R.S. 22:636.1. In Carroll v. State Farm Mutual Automobile Insurance Company, 419 So.2d 57 (La.App. 2d Cir.1982) the court held that notice of intent to cancel if the premium is not paid is not the same as notice of cancellation for nonpayment of a premium under La.R.S. 22:636.1. A notice of intent to cancel is nothing more than a demand for payment whereas a notice of cancellation positively puts an insured on notice that the policy will be cancelled.
A careful review of the notice sent from Regal to Marks convinces us that the trial court was correct in concluding the *844 notice was merely an intent to cancel and not a notice of cancellation.
The insurer argues that when the premium finance company certifies cancellation in accordance with La.R.S. 9:3550(G)(3) the insurer can consider the policy cancelled regardless of any defects in the cancellation process. We disagree. In addition to the premium finance company mailing to the insurer a statement certifying to the insurer that the premium finance company has a power of attorney to cancel, (G)(3)(a), that the premium finance agreement is in default which has not been timely cured, (G)(3)(b), and that a notice of cancellation has been mailed by the premium finance company, (G)(3)(c), the premium finance company must send to the insurer a copy of the notice of cancellation that has been mailed to the insured. La.R.S. 9:3550(G)(3). Where the other requirements of cancellation are met simply by certification by the premium finance company to the insurer, a copy of the actual notice of cancellation sent the insured must be forwarded to the insurer. A simple review of this notice reveals that it was not a notice of cancellation but a notice of intent to cancel. Therefore, the requirement of sending to the insurer a copy of the notice of cancellation sent to the insured has not been met. Accordingly, we find no merit of State Farm's assignment of error.
For the foregoing reasons the judgment of the city court is affirmed at State Farm's costs.
AFFIRMED.
NOTES
[1] La.R.S. 9:3550(G) provides as follows:

. . . . .
(2) Upon default of insurance premium contract by the debtor, the premium finance company may mail a notice of cancellation to the insured, at his last known address as shown on the records of the insurance premium finance company. A copy of the notice of cancellation of the insurance contract shall also be mailed to the insurance agent negotiating the related insurance contract whose name and place of business appears on the premium finance agreement. Such notice of cancellation shall show the name of any governmental agency, mortgagee or third party also requiring notice of cancellation as shown on the insurance premium finance contract.
(3) Ten days after notice of cancellation has been mailed to the insured, if the default has not been cured, the insurance premium finance company may thereafter effect cancellation of such insurance contract or contracts by mailing to the insurer a copy of the notice of cancellation together with a statement certifying that:
(a) The premium finance agreement contains a valid power of attorney as provided in paragraph (1) above;
(b) The premium finance agreement is in default and the default has not been timely cured;
(c) Upon default, a notice of cancellation was mailed to the insured as provided in paragraph (2) above, specifying the date of mailing by the premium finance company to the insured; and
(d) Copies of the notice of cancellation were mailed to all persons shown by the premium finance agreement to have an interest in any loss which may occur thereunder, specifying the names and addresses of any governmental agencies, mortgagees or third parties to whom the insurance premium finance company has sent notice of cancellation.
Upon receipt of such notice of cancellation and statement from the premium finance company, the insurer shall be entitled to consider that cancellation of the insurance contract or contracts has been requested by the insured but without requiring the return of the insurance contract or contracts and the insurer may proceed to cancel such contract or contracts as provided in R.S. 22:637. The effective date of cancellation shall be as of 12:01 A.M. on the tenth day after the date of mailing of the notice of cancellation as shown in said statement furnished to the insurer by the premium finance company.
. . . . .
[2] We specifically note that, assuming we did find that the notice of cancellation was sufficient to support termination of the policy, the record reflects that Marks actually paid the November premium on November 18, 1981 and the December premium on December 11, 1981, and the same were accepted.