YELVERTON, Judge.
The sole issue raised by this appeal is whether the trial court properly granted AICCO’s motion for summary judgment dismissing Penn-America’s third party demand for indemnity. We reverse and remand for further proceedings consistent with this opinion.
For a full discussion of the procedural history and facts of this case, see the consolidated appeal Britten v. Reavis, 503 So. 2d 1149 (La.App. 3rd Cir.1987). In that case we held that there was a genuine issue of material fact which precluded a finding that the insurance policy was effectively cancelled by AICCO’s notice of cancellation.
In the present case the trial court found that, in any event, R.S. 9:3550 imposes no liability on the premium finance company in favor of an insurer for failure to effectively cancel a policy for non-payment of the premium. This summary judgment ruling was appealed by Penn-America, to protect itself in case we reversed the judgment holding the policy was not in effect. Since that eventuality has now come to pass in the companion case, the question of AIC-CO’s liability to Penn-America is squarely presented in this one.
The trial court was partially correct and partially in error in its ruling. The trial court was correct in holding that Penn-America would not be entitled to full indemnity against AICCO for any ineffective cancellation of the policy committed by AICCO. See Carroll v. State Farm Mut. Auto. Ins. Co., 419 So.2d 57 (La.App. 2nd Cir.1982). However, the summary judg- *1156 merit was in error to the extent that, if the policy was not effectively cancelled, AICCO may be liable for any unearned portion of any annual premium and any unearned portion of the producer’s commission which may have been improperly refunded AIC-CO by Penn-America. Carroll, supra.
For these reasons the trial court’s judgment is reversed, and the case is remanded for further proceedings. Costs will be paid equally by Penn-America and AICCO.
REVERSED AND REMANDED.