DOMENGEAUX, Chief Judge.
Gary and Simone Champagne’s 1980 Toyota Célica was totalled in a one-car accident on May 29, 1985, 17 days after their stan *535 dard automobile policy with Commercial Union Insurance Company had expired. When Commercial Union denied coverage, the Champagnes filed suit, contending Commercial Union failed to mail them the notice of non-renewal required by La.R.S. 22:636.1 E.[1]
After settling with the Champagnes for $7,500.00, Commercial Union third partied Techeland Insurance Center, Inc., which had placed the Champagnes’ policy with Commercial Union; its owner, Lyman Thornton, Jr.; The Insurance Center of Jeanerette, which had purchased Techeland nine days before the Champagne policy expired; and its owner, E.C. Forbes, Jr. Techeland and The Insurance Center are no longer operating, and Thornton has been discharged in bankruptcy. Commercial Union prevailed in its third party demand and obtained judgment against the only solvent party, E.C. Forbes, Jr., who brings this appeal.
FACTS
The record reveals the Champagnes had been dealing with Techeland Insurance Center for about five years before this accident, first through an agent named Barbara Rogers and then through Thornton. On November 12, 1984, Commercial Union issued the policy in question, which provided coverage from that date through May 12, 1985. The Champagnes did not receive notice that Commercial Union would not be renewing their policy after the final date of coverage.
Commercial Union should have mailed the notice of non-renewal to the Champagnes at least 20 days before the expiration of coverage, or by April 22, 1985, as required by La.R.S. 22:636.1 E. However, pursuant to an agreement it reached with Techeland and Thornton, Commercial Union did not mail the required notice. In a letter dated January 15, 1984, Thornton, on behalf of Techeland, asked Commercial Union to refrain from sending the non-renewal notices that would be due when the parties terminated their agency relationship. Techeland stated it intended to replace all existing Commercial Union policies so as to prevent any lapse in coverage. In the event any individual policy was not replaced, Techeland would notify Commercial Union at' least 20 days before the written notice would otherwise have been due. Finally, Techeland agreed to hold Commercial Union harmless for any liability it would incur for not issuing the non-renewal notices.
Techeland did not replace the Champagnes’ coverage, nor did it notify Commercial Union of this fact. On May 3, 1985, while the Champagnes were still covered, but after the non-renewal notice should have been mailed, E.C. Forbes, Jr., bought Techeland’s “book of business” and began operating as The Insurance Center of Jeanerette. At trial, Forbes stated he was not aware of the agreement between Commercial Union and Techeland until after the Champagnes had their accident. He further testified he would not have been a party to such an agreement, nor would he have bought Techeland had he known of its existence.
ANALYSIS
Commercial Union argues because it obtained an assignment from the Champagnes, it may recover against Forbes and his agency if the Champagnes may do so. Commercial Union relies on the case of Ferrara v. Strain, 497 So.2d 1077 (La.App. 5th Cir.1986), writ denied, 501 So.2d 238 (La.1987), in arguing Forbes breached an independent duty owed to the Champagnes. The trial court agreed, placing much emphasis on a letter received by the Cham *536 pagnes from Forbes in May of 1985. For the following reasons, we respectfully disagree with the conclusions of the trial court.
First, after reviewing La.R.S. 22:636.1 E, we find the statute plainly states the insured’s remedy for an insurer’s failure to mail or deliver a notice of non-renewal: If the insurer does not send a notice, it must renew the policy. Once Commercial Union honored its obligation to the Champagnes under the policy, effectively renewing it, the Champagnes no longer had a cause of action to assign.
In Carroll v. State Farm Mutual Automobile Insurance Co., 419 So.2d 57 (La.App. 2d Cir.1982), an insurer sought indemnity from a premium finance company which failed to timely send a notice of cancellation to the insured. Although Carroll concerns the notice of cancellation required by La.R.S. 22:636.1 D rather than a notice of non-renewal, we find its reasoning analogous. Rejecting the insurer’s demand for indemnity, the Second Circuit stated:
State Farm claims in its third party demand that it relied to its detriment on Intech’s improper notice of cancellation. State Farm issued the policy and was paid the full amount of the annual premium. State Farm’s position after the purported cancellation was no different than it was before Intech’s action; it remained insurer of the Carroll automobile. It was not entitled to rely on the notice of cancellation given by Intech, which on its face did not comply with the law.
419 So.2d at 59.
Based upon the above, and on the language of the statute, we find an insurer's statutory duty to inform its insured of its intention to cancel or to fail to renew a policy is non-delegable, except where expressly permitted by law.[2]
Second, the record does not support Commercial Union’s contention that Forbes breached any duties owed to the Champagnes. In Ferrara, which also deals with notice of cancellation as opposed to notice of non-renewal, the court found the agent breached a duty to the insured only after the agent had actual knowledge of the insurer’s intent to cancel a policy and failed to communicate this fact to the insured. In the instant matter, Forbes had no knowledge of the agreement between Commercial Union and Techeland, nor was he aware of Commercial Union’s intention not to renew the Champagnes’ policy.
We do not agree with the trial judge that Forbes assumed any duty regarding the notice of non-renewal solely based upon the letter mailed in May of 1985. The letter was not introduced in the record, although the parties stipulated Forbes stated therein that “his agency was taking over Teche-land’s business, as Thornton and Techeland were gone.” Mrs. Champagne testified she discarded the letter and had no contact with Forbes until after the accident. We agree the Champagnes are without fault in this matter, but the duty owed to them was breached by Commercial Union and not Forbes.
For the above and foregoing reasons, the judgment of the trial court is reversed. Costs of this appeal are assessed against third party plaintiff/appellee, Commercial Union Insurance Company.
REVERSED AND RENDERED.

. At the time of the accident, La.R.S. 22:636.1 E provided:
No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew; or (2) in case of nonpayment of premium; provided that, notwithstanding the failure of an insurer to comply with this subsection, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies.
Renewal of a policy shall not constitute a waiver or estoppel with respect to grounds for cancellation which existed before the effective date of such renewal.

. The facts of Carroll arose prior to the enactment of La.R.S. 9:3550, which regulates insur-anee premium finance companies.