747 So.2d 777 (1999)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Charles Edgar VILLNEUVE, Jr. and Reliance National Insurance Company.
No. 98 CA 2421.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
*778 Mary Elizabeth Escousse, Baton Rouge, for Plaintiff/Appellee, State Farm Mutual Automobile Insurance Company.
R. Henry Sarpy, Jr., New Orleans, for Defendant/Appellant, Reliance National Insurance Company.
Before: CARTER, C.J., LeBLANC, and PETTIGREW, JJ.
CARTER, C.J.
This appeal involves the determination of whether an insurance company's cancellation of its insured's automobile insurance policy was legally effected. The trial court found that the cancellation was not valid and rendered judgment against the defendant insurance company, Reliance National Insurance Company (Reliance).

BACKGROUND
The facts of this case are not in dispute. Appellant, Reliance, issued a policy of automobile liability insurance to Charlie Villneuve. The policy period was January 21, 1995, through July 20, 1995. The premium for the six-month policy period was initially payable in six monthly installments. Villneuve failed to timely pay the installment that was due on February 20, which resulted in cancellation of the policy. The policy was reinstated effective March 11, upon Villneuve's payment of the premium. He timely paid the installment that was due April 8. Another installment was due on May 8, 1995, to cover the period May 8, through June 7, 1995.
On April 18, 1995, twenty days prior to the due date of the May 8 installment payment, Reliance mailed a document to Villneuve entitled "AUTO INSURANCE PREMIUM DUE NOTICE." Below this title line appeared the phrase "CANCELLATION NOTICE IF NOT PAID." Pertinent language in the document was as follows:
PLEASE PAY THE AMOUNT DUE. PARTIAL PAYMENTS ARE NOT ACCEPTED.
YOUR POLICY WILL BE CANCELLED FOR NON-PAYMENT OF PREMIUM AT 12:01 A.M. ON 5/08/95, IF YOUR PREMIUM IS NOT PAID BY THE DUE DATE.
IF YOUR PAYMENT IS RECEIVED IN OUR OFFICE BY THE DUE DATE, YOUR POLICY CONTINUES IN FORCE.
The prior unpaid balance listed on the document was zero. Thus, at the time the document was mailed to Villneuve, the premium was not yet due, nor was there any outstanding balance owed on the premium installment payments for the prior months. Villneuve did not pay the premium for the May 8 through June 7 coverage period until May 30.

FACTS
On May 24, 1995, an automobile accident occurred involving Christy Riffe and Villneuve. Villneuve was at fault. Plaintiff/appellee, State Farm Mutual Automobile Insurance Company (State Farm) insured Riffe at the time of the accident. In accordance with the coverages provided by the insurance policy, State Farm made several payments to its insured, Riffe, to compensate her for the damages sustained in the accident.

PROCEDURAL HISTORY
As subrogee to Riffe's rights, State Farm sued Villneuve and Reliance to recover *779 the payments it made to Riffe under her policy as a result of the accident. Reliance answered the petition alleging that the policy had been cancelled prior to the accident for nonpayment of premium. Particularly, Reliance alleged that the April 18[1] notice served as a valid notice of cancellation for nonpayment of premium. Because Villneuve did not pay the premium until May 30, Reliance asserted that coverage was cancelled effective May 8, and was not reinstated until May 30, which reinstatement was not retroactive. Thus, Reliance contended there was no policy in effect on May 24, the date of the accident.
Reliance filed a motion for summary judgment, which was denied by the trial court. This court denied Reliance's supervisory writ that was taken from the trial court's denial of its motion for summary judgment. State Farm Automobile Insurance Company v. Villneuve, 97-0573 (La. App. 1st Cir.7/11/97). The parties agreed to submit the matter for trial based upon the record. The trial court rendered judgment on July 14, 1998, in favor of State Farm, finding that the purported notice of cancellation mailed on April 18 was not in compliance with the ten-day notice provision of LSA-R.S. 22:636.1. The trial court found that the notice could not be sent before the premium payment became due because LSA-R.S. 22:636.1 contemplates a minimum ten-day grace period between the premium due date and the effective date of any cancellation. Reliance appealed, contesting the trial court's finding that LSA-R.S. 22:636.1 mandates a grace period, thus prohibiting the issuance of a prospective notice of cancellation.

VALIDITY OF RELIANCE'S CANCELLATION ATTEMPT
As the facts in the case are undisputed, the only issue is a legal one whether the document mailed to Villneuve on April 18, twenty days prior to the due date of the premium, purporting to cancel his insurance on the premium due date, May 8, if the premium was not paid by that date, complied with the legal requirements for a valid cancellation of a policy as set forth in LSA-R.S. 22:636.1. We find that it did not and affirm the trial court's judgment in favor of State Farm.
Pursuant to LSA-R.S. 22:636.1, the bases for notices of cancellation of automobile insurance policies are limited. The basis relevant to this appeal is nonpayment of premium. See LSA-R.S. 22:636.1 B(1)(a). Nonpayment of premium is defined as "failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium." LSA-R.S. 22:636.1 A(6). To be effective, a notice of cancellation for nonpayment of premium must be mailed to the insured at the address shown in the policy at least ten days prior to cancellation, accompanied by the reason therefor. See LSA-R.S. 22:636.1 D(1) and F.
Reliance contends that its notice could be issued before the premium due date because LSA-R.S. 22:636.1 does not expressly require an insurer to give its insured a ten-day grace period between the premium due date and the cancellation effective date. Instead, Reliance asserts that the statute requires ten days of notice that the policy will be cancelled, which notice requirement was met in this case. However, this argument presupposes that the document sent to Villneuve otherwise qualified as a notice of cancellation.
State Farm contends that the document sent was not an adequate notice of cancellation. State Farm asserts that the document was a notice of intent to cancel, *780 which is different from the notice of cancellation that is required by LSA-R.S. 22:636.1. Additionally, State Farm argues that the notice was improper as a notice of cancellation because it was mailed before the premium due date and was, therefore, in violation of the minimum required notice provision of LSA-R.S. 22:636.1.
A notice of intent to cancel if the premium is not paid is not the same as a notice of cancellation for nonpayment of premium under LSA-R.S. 22:636.1. Carroll v. State Farm Mutual Automobile Insurance Company, 419 So.2d 57, 59 (La.App. 2nd Cir.1982). A notice of intent to cancel is nothing more than a demand for payment, whereas a notice of cancellation positively puts an insured on notice that the policy will be cancelled. Dairyland Insurance Company v. Marks, 468 So.2d 841, 843 (La.App. 1st Cir.1985).
The purported cancellation in the present case was conditioned on the failure to pay the premium that was due on May 8. It was combined with a premium due notice. Moreover, the language that notified Villneuve that the policy would be cancelled was expressly conditioned on the failure to pay the premium by the due date. As previously set forth, this language provided as follows:
PLEASE PAY THE AMOUNT DUE. PARTIAL PAYMENTS ARE NOT ACCEPTED.
YOUR POLICY WILL BE CANCELLED FOR NONPAYMENT OF PREMIUM AT 12:01 A.M. ON 5/08/95, IF YOUR PREMIUM IS NOT PAID BY THE DUE DATE.
IF YOUR PAYMENT IS RECEIVED IN OUR OFFICE BY THE DUE DATE, YOUR POLICY CONTINUES IN FORCE.
We find that this notice did not positively put Villneuve on notice that the policy was going to be cancelled.
In so finding, we find this notice distinguishable from the notice of cancellation at issue in Folds v. Protective Casualty Ins. Co., 26,323 (La.App. 2nd Cir.12/7/94), 647 So.2d 1215. In Folds, the second circuit affirmed the trial court's finding that a notice mailed to the insured was a notice of cancellation that was mailed within the required ten-day statutory notice period. Although Reliance contends that the notice in Folds and the present notice are identical, we disagree.
The Folds notice contained two distinct sections. The first section was entitled "Car Insurance Payment Due." Folds, 647 So.2d at 1216. The second section was entitled "Nonpayment of Premium-Cancellation Notice" and provided as follows:
Your car insurance policy # ... issued by our service office ... is cancelled effective 09/21/86 at 12:01 a.m. Your car insurance will cease as of that date and time due to nonpayment of premium. If your payment is not honored by your payor (bank), it will be considered the same as nonpayment of premium and your policy will be cancelled on the above date, regardless of whether or not a policy has been issued.
Folds, 647 So.2d at 1216-17.
The notice issued by Reliance lacks the unequivocal cancellation language that was present in the Folds notice. Rather, the cancellation language used in the notice issued by Reliance is more similar to the language utilized in the notice at issue in Dairyland, 468 So.2d 841. In Dairyland, a panel of this court found that a purported cancellation notice was actually a notice of intent to cancel. 468 So.2d at 843-44. The Dairyland notice provision that pertained to cancellation provided "IMPORTANT: INSURANCE IS SUBJECT TO CANCELLATION IF PAYMENT IS NOT RECEIVED WITHIN 10 DAYS OF THIS NOTICE." 468 So.2d at 843.
Accordingly, we find that the Reliance notice was merely a demand for payment, specifying that the policy would be cancelled if the premium was not paid. Additionally, there was no outstanding premium balance at the time the April 18 notice *781 was mailed. This notice did not amount to the positive notice of cancellation that is required by LSA-R.S. 22:636.1. See also Travelers Insurance Company v. Jenkins, 285 So.2d 839, 842-44 (La.App. 1st Cir. 1973) (notice that demanded payment of premium and informed insured his policy "will be canceled" if premium was not paid, as opposed to verbiage stating policy "is cancelled", "is hereby cancelled" or "stands cancelled," was a demand for payment or notice of intent to cancel, rather than a valid notice of cancellation). Because this was the only notice sent to Villneuve and it was not an adequate notice of cancellation, the policy remained in effect on the date of the accident.
In reaching this conclusion, we find it unnecessary to address the issue of whether a notice of cancellation for nonpayment of premium can properly be issued prior to the premium due date. We reject Reliance's contention that the Folds case is directly on point and dispositive of the issues in this case. We note that the court in Folds did not have before it the issue of whether the notice of cancellation could be issued prior to the premium due date. Thus, any implication by the Folds court that a notice issued prior to the premium due date was proper, where there was no outstanding premium balance, is dicta.

CONCLUSION
For the reasons set forth in this opinion, the judgment of the trial court is affirmed. Reliance is assessed with the costs of this appeal.
AFFIRMED.
NOTES
[1] The notice was prepared on April 17. However, because the date of mailing is the pertinent date for a determination of whether adequate notice is given, we will use April 18 when referring to the notice.