647 So.2d 1215 (1994)
Vernice C. FOLDS, Plaintiff-Appellant,
v.
PROTECTIVE CASUALTY INS. CO., et al., Defendants-Appellees.
No. 26323-CA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
Rehearing Denied January 19, 1995.
*1216 James A. Hobbs, West Monroe, for appellant.
Davenport, Files & Kelly by M. Shane Craighead, Monroe, for appellees.
Before VICTORY and STEWART, JJ., and PRICE, J., Pro Tem.
STEWART, Judge.
This cause of action arises from an automobile accident in which the driver of an automobile owned by Carolyn Williams, lost control of the vehicle and struck the plaintiff, Vernice Folds, head-on causing her significant injuries. Plaintiff brought suit against Protective Casualty Insurance Company, Imperial Lloyds, and Casualty Reciprocal Exchange Insurance Company. Vernice Folds later died of causes unrelated to this litigation and her husband and son were substituted as party plaintiffs. Settlement was reached with Casualty Reciprocal and Imperial Lloyds was dismissed from the lawsuit. Protective Casualty became insolvent and the Louisiana Insurance Guaranty Association (LIGA) was joined as the successor defendant. Reviewing only the issue of coverage, the trial court dismissed all claims against LIGA, and this appeal followed. We affirm for reasons we assign.

FACTS
On September 23, 1986, Woodrow Brown was driving an automobile owned by Carolyn Williams on Louisiana Highway 15 south of Monroe when he collided with Vernice Folds. Brown and the two passengers in the vehicle were killed as a result of the collision.
Carolyn Williams, the owner of the vehicle driven by Brown, purchased liability insurance from the Gene Galligan Insurance Agency on May 15, 1986. The policy was initially issued for a thirty-day period from May 15, 1986 to June 15, 1986. The second policy period was from June 15 to July 18. The third policy period was from July 18 to August 21, and the final policy coverage period was from August 21 to September 21. The policy declarations and Ms. Williams' deposition, taken in connection with a related lawsuit, indicate that Ms. Williams did not pay the premium for the policy period ending September 21, 1986 until September 24, 1986one day after the accident. On September 24, Ms. Williams hand delivered a personal money order to the Gene Galligan Insurance Agency.
On September 25, 1986, Ms. Williams was advised by letter from Gene Galligan that her money order had been received. The letter confirmed that the policy with Protective Casualty had lapsed on September 21, 1986 for nonpayment of premium. The letter indicated that the policy in question was a one month policy with no grace period, as also noted on the notice of premium due. Although Galligan advised Ms. Williams in the letter that he could rewrite a new policy effective as of the date of the signing of the new application, this would do nothing to reinstate coverage as of September 21.
At deposition, Ms. Williams testified that she received a document from Protective Casualty that was captioned at the top of the page "Car Insurance Payment Due." On this particular document was the heading "Nonpayment of PremiumCancellation Notice." Under that heading was the following information:
"Your car insurance policy # XXXXXXX-X issued by our service office in Opelousas, Louisiana is cancelled effective 09/21/86 at 12:01 a.m. Your car insurance will cease as of that date and time due to nonpayment of premium. If your payment is not honored by your payor (bank), it will be considered the same as nonpayment of premium and your policy will be cancelled on the above date, regardless of whether or not a policy has been issued. A copy of this cancellation notice has been sent to *1217 City of Monroe, P.O. Box 123, Monroe, Louisiana, 71211.
The bottom of the notice indicates a payment due date of September 21, 1986 and shows the date of the notice to be September 5, 1986.
In the court below, LIGA filed an answer to plaintiff's supplemental and amended petition asserting that (1) the policy issued to Carolyn Williams expired because of nonpayment on September 21, 1986 and (2) that the policy was effectively cancelled by Protective Casualty prior to the date of the accident. In its written reasons for judgment, the trial court held that the policy issued to Carolyn Williams expired for nonpayment of premium and that Ms. Williams received adequate notice. This appeal ensued.

DISCUSSION

ASSIGNMENT OF ERROR NUMBER(S) 1, 2, AND 4
First, plaintiff contends that the trial court erred when it held that Act No. 830 of the 1986 Louisiana Legislature, amending LSA-R.S. 22:636.1(A)(5), retroactively applied to the Williams' policy.
LSA-R.S. 22:636.1(A)(5) provides:
"Any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months."
Plaintiffs argue that based on this statute, the policy continued through November of 1986 and would have been in effect on the date of the accident.
Conversely, LIGA argues that 22:636.1(A)(5) was amended by Act No. 830 to read in pertinent part:
"However, no policy of insurance for a period of less than six months shall be issued by an insurer to any person who has been issued two or more citations for violations of R.S. 32:851 et seq. or R.S. 32:861 et seq., and any policy issued to a person receiving two or more citations shall be construed as if written for a policy period or term of six months."
LIGA contends that this provision permits the insurer to issue liability insurance policies for terms of less than six months if the insured has never been issued a citation for violation of LSA-R.S. 32:851 et seq. or 32:861 et seq. Both parties stipulated that Ms. Williams had never received such a citation.
In response to LIGA's contention, the plaintiff argues that the contract of insurance existed before the adoption of Act No. 830. To apply Act No. 830 retroactively to the Williams' policy of insurance would be in contravention of the Louisiana Constitution and the Louisiana Civil Code.
Article 1, Section 23 of the Louisiana Constitution prohibits the legislature from enacting any law which impairs the obligation of a contract. Where the statute in question was not in effect at the time of contracting, it cannot be retroactively applied to alter the obligations of that contract, even though the act giving rise to the obligation occurs after the effective date of the statute. Block v. Reliance, 433 So.2d 1040 (La.1983); Voelkel v. Harrison, 572 So.2d 724 (La.App. 4th Cir.1990), writ denied, 575 So.2d 391 (La.1991). "A law can prescribe only the future; it can have no retrospective operation, nor can it impair the obligation of contracts." La.Civ.Code art. 8.
Here, the policy of insurance was first issued to Williams on May 15, 1986 and the date of the last renewal was August 21, 1986. The accident occurred on September 23, 1986. The effective date of Act No. 830 was September 1, 1986, as provided by Art. 3, Sec. 19 of the Louisiana Constitution of 1976, well after either the date of the initial policy or the date of last renewal. Thus, the Act cannot be applied retroactively to the Williams' policy.
As to assignments one, two, and four, we conclude that pursuant to LSA-R.S. 22:636.1(A)(5), the Williams' policy must be construed as one for a term of six months.

ASSIGNMENT OF ERROR NUMBER 3
Next, plaintiff contends that the trial court erred in holding that the defendant properly cancelled the policy of insurance as required by LSA-R.S. 22:636.1(D)(1) and thus, the policy, if considered a policy for a term of six months, was still in effect on the date of the accident. Although we are aware that the *1218 trial court explicitly stated that it was not addressing the issue of cancellation in its reasons for judgment, the court made certain findings of fact that bear upon the issue of cancellation that must be addressed.
Plaintiff claims that although Carolyn Williams testified at her deposition that she received a document captioned "Car Insurance Payment," there is no indication in the deposition or the record that the document was mailed ten days before the cancellation date of September 21, 1986. LIGA argues that Williams was sent a valid notice of cancellation for nonpayment of premium within the time limit required by the statute.
The trial court found that the notice mailed to plaintiff was not merely a demand for payment or notice of the intent to cancel, but was clearly a notice of cancellation. Additionally, the trial court held that the insurer proved by a preponderance of evidence that it had mailed the notice of cancellation to the plaintiff.
LSA-R.S. 636.1(D)(1) provides:
"... when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail ..."
Subsection F further provides:
"Proof of mailing notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice."
Proof of mailing notice of cancellation to the named insured at the address shown on the policy shall be sufficient proof of notice. Proof of receipt of that notice is not required. Hemperly v. Aetna Cas. and Sur. Co., 516 So.2d 1202 (La.App.2d Cir.1987), citing Dufrene v. Dixie Auto Ins. Co., 376 So.2d 507 (La.App.4th Cir.1979); see also Broadway v. All-Star Insurance Corp., 285 So.2d 536 (La.1973); Aultman v. Rinicker, 416 So.2d 641 (La.App.2d Cir.1982).
The burden of proof first rests upon the insurer to prove by prima facie evidence proof of mailing of notice to the insured. Where the insurer meets the burden of proof, a presumption of delivery is established which then may be rebutted by the insured by proof of nondelivery. The insured has the burden of proof to establish the nondelivery. Aultman v. Rinicker, supra.
The record supports the trial court's conclusion that the notice sent to Carolyn Williams was a notice of cancellation and that it was mailed within the required ten days. Across the top of the notice was printed "Nonpayment of PremiumCancellation Notice." Additionally, the notice clearly stated that if payment was not received by 12:01 a.m. on September 21, 1986, the policy would be cancelled. As to receipt of the notice, the plaintiff testified at her deposition that she did receive a copy of the premium due notice. The notice also indicates on its face that a copy of the same document was mailed to plaintiff's address in Monroe. Moreover, the plaintiff has failed to produce any affirmative proof of nondelivery as required by the jurisprudence.
Thus, we conclude that the Williams policy was properly cancelled effective September 21, 1986 by the insurer for Carolyn Williams' failure to timely pay the premium due. Accordingly, there was no coverage under the Protective Casualty policy on the date of the accident.

DECREE
For the foregoing reasons, we affirm the trial court's decision dismissing the claims of the plaintiff. Costs are assessed to the plaintiff.
VICTORY, J., concurs in result.

APPLICATION FOR REHEARING
Before MARVIN, LINDSAY, BROWN and STEWART, JJ., and PRICE, J., Pro Tem.
Rehearing denied.