hBAGNERIS, Judge.
Plaintiffs/Appellants, James M. Nar-cisse, Jr. (“Narcisse”) and Gwendolyn Singleton (“Singleton”), (sometimes collectively referred to as “plaintiffs”), appeal the trial court’s grant of summary judgment in favor’of defendant, Clarendon National Insurance Company (“Clarendon”), based on its finding that Clarendon had effectively cancelled the automobile liability insurance policy that it had issued to co-defendant, Keith M. Evans (“Evans”), five (5) days before plaintiffs’ accident with Evans.

FACTS AND PROCEDURAL HISTORY

This case arises out of an automobile accident that occurred on August 5, 1995, when Evans struck a vehicle being driven by Narcisse, and in which Singleton was a guest passenger. The plaintiffs alleged that Evans rear-ended them as they were stopped at a red light. Evans was booked under La. R.S. 14:98 for operating a vehicle while intoxicated.
Evans was insured by Clarendon. The policy period ran from June 29, 1995 through December 29, 1995. The premium was to be paid in five installments, due on the 19th of each month, beginning in July. On July 10, 1995, Clarendon | ^forwarded to Evans a “Premium Due Notice” (“Notice”) for the payment due on July 19, 1995. At the top of the Notice, there was a graph providing that $74.06 was due on July 19, 1995, and that a $5.00 late fee would be assessed if payment was postmarked after the due date. It further provided that payment postmarked on or after the Cancellation Date of July 30, 1995 will NOT be accepted. The middle of the Notice listed a payment schedule as well as the fact that July 30, 1995 at 12:01 A.M. Standard Time was to be the effective date of cancellation or termination. The bottom of the Notice contained the following language:
NOTICE OF INTENT TO CANCEL FOR NON-PAYMENT OF PREMIUM
* * THIS IS THE ONLY NOTICE YOU WILL RECEIVE * *
You are hereby notified in accordance with the terms and conditions of the above-mentioned policy that your insurance will be cancelled at 12:01 am Standard Time on 7/30/95 if premium due is not postmarked prior to the cancellation date.
It is undisputed that Evans received the above correspondence from Clarendon and that he did not pay the required premium before the prescribed cancellation date.
Plaintiffs filed suit on July 26, 1996, against Evans and against Clarendon in its capacity as the alleged automobile liability insurance carrier for Evans. On June 28, 1999, plaintiffs moved for summary judgment against Clarendon seeking a declaration that it provided coverage to Evans for the accident at issue. Clarendon opposed. The trial court denied plaintiffs’ motion.
On October 23, 2000, Clarendon filed its own motion for summary judgment alleging that it did not provide coverage for plaintiffs’ accident with Evans because IsEvans’ policy had been cancelled five days before the August 5, 1995 accident for nonpayment of premium. Plaintiffs opposed Clarendon’s motion. Following oral argument on November 17, 2000, the trial court granted summary judgment in favor of Clarendon, finding that “Clarendon did not provide automobile liability coverage *341 for the incident in suit.” That judgment was signed on December 22, 2000, and a notice of signing of judgment was mailed to counsel for both parties on December 29, 2000. Plaintiffs filed a notice of appeal on January 8, 2001, and on March 15, 2001, the trial court granted plaintiffs’ motion for a devolutive appeal.

LAW AND DISCUSSION

Appellate courts review summary judgment de novó, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966-A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
The burden of proof is on the insurance company to show that the policy had been canceled prior to the date of the loss that gave rise to the denied claim. Doucet v. State Farm Ins., 99-663 (La.App. 5 Cir. 11/30/99), 748 So.2d 1228, 1231.
In pertinent part, La. R.S. 22:636.1 provides as follows:
B. (1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium.
[[Image here]]
D. (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a- ten-day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation. This Subsection shall not apply to non-renewal.
[[Image here]]
F. Proof of mailing notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.
In their sole assignment of error, plaintiffs claim that the trial court erred in applying the law to the admitted facts in this case and in granting summary judgment to Clarendon. More specifically, they claim that Clarendon failed to comply with La. R.S. 22:636.1(D)’s ten (10) day notice provision such that Evans’ policy was not effectively cancelled at the time of the accident. Plaintiffs aver that the Notice issued by Clarendon stated that the *342 policy would be cancelled if the premium was not paid, rather than stating that the policy was cancelled, as is statutorily required. Further, plaintiffs state that an insurer simply cannot send a Notice of Cancellation in advance with a Premium Due Notice and comply with |Bthe strict notice requirements of La. R.S. 22:636.1 if the premium is unpaid. In short, plaintiffs contend that the jurisprudence in Louisiana is clear that a cancellation notice must unequivocally state that the policy “is can-celled” and not that it “will be cancelled” if premiums are not paid. The plaintiffs cite the following cases in support of this contention: State Farm Mut. Auto. Ins. Co. v. Villneuve, 98-2421 (La.App. 1 Cir. 12/28/99), 747 So.2d 777; Dairyland Ins. Co. v. Marks, 468 So.2d 841 (La.App. 1 Cir.1985); Carroll v. State Farm Mut. Auto. Ins. Co., 419 So.2d 57 (La.App. 2 Cir.1982); Travelers Ins. Co. v. Jenkins, 285 So.2d 839 (La.App. 1 Cir.1973); Alexander v. State Farm Mut. Auto. Ins. Co., 148 So.2d 898 (La.App. 1 Cir.1962), on rehearing (La.App. 1 Cir.1963); Ellzey v. Hardware Mutual Ins. Co. of Minnesota, 40 So.2d 24 (La.App. 1 Cir.1949).
Plaintiffs claim that the cancellation notice in Folds v. Protective Cas. Ins. Co., 647 So.2d 1215 (La.App. 2 Cir.1994), the case so heavily relied upon by Clarendon, differed significantly from the language used in the case at bar. In Folds, the insured received a document from her insurance company captioned “Car Insurance Payment Due.” On the document was the heading “Nonpayment of Premium— Cancellation Notice” under which the following information was written, in pertinent part:
Your car insurance policy .... is can-celled effective 09/21/86 at 12:01 a.m. Your car insurance will cease as of that date and time due to nonpayment of premium.
Folds, 647 So.2d at 1216.
Plaintiffs submit that the language in this case is virtually identical to that used by the insurer in Villneuve which similarly distinguished Folds. In Villneuve, the insured received a document from his insurer entitled “AUTO INSURANCE PREMIUM DUE NOTICE.” Below that title line appeared the phrase 1 ¡/‘CANCELLATION NOTICE IF NOT PAID.” The language in the document included the following:
YOUR POLICY WILL BE CAN-CELLED FOR NON-PAYMENT OF PREMIUM AT 12:01 A.M. ON 5/08/95, IF YOUR PREMIUM IS NOT PAID BY THE DUE DATE.
IF YOUR PAYMENT IS RECEIVED IN OUR OFFICE BY THE DUE DATE, YOUR POLICY CONTINUES IN FORCE.
Villneuve, 747 So.2d at 778.
Additionally, plaintiffs aver that “[a] notice of intent to cancel is nothing more than a demand for payment whereas a notice of cancellation positively puts an insured on notice that the policy will be cancelled.” Dairyland, 468 So.2d at 843. See also Canroll, 419 So.2d at 59; Travelers Ins. Co. v. Jenkins, 285 So.2d at 844; and Ellzey, 40 So.2d at 24.
Finally, plaintiffs mistakenly claim that the First Circuit found, in Alexander, supra, that a notice of cancellation given by the insurer did not constitute an effective notice of cancellation within the requirements of La. R.S. 22:636, even though the notice stated that “this policy is cancelled effective on.... ” What plaintiffs apparently overlooked, however, was that the First Circuit, on rehearing, reversed its original opinion that the notice at issue therein was ambiguous and an insufficient notice of *343 cancellation. The notice before the court in Alexander was entitled “CANCELLATION NOTICE — IF PAYMENT HAS BEEN MADE, PLEASE DISREGARD THIS NOTICE.” On rehearing, the court stated:
Our reconsideration further convinces us that the notice given was not merely a demand for payment rather than an unequivocal notice. It expressly states that ‘this policy is cancelled, effective on 10-13-57-12:01 A.M. Standard Time’. Nothing whatever on the notice alters or varies the stated date of cancellation. The notice is clear, | ./unambiguous and, we think, perfectly valid and effective as a notice of cancellation as contemplated by the statute.
Clarendon points out that La. R.S. 22:636.1(D) is silent as to the wording to be used by an insurer in a cancellation notice based on an insured’s nonpayment of premium. It merely requires a ten (10) day notice accompanied by the reason for cancellation. On July 10, 1995, Clarendon mailed Evans notice that if he did not pay by July 30, 1995 at 12:01 a.m., his policy would be cancelled for nonpayment of premium. Accordingly, Clarendon submits that Evans received notice of cancellation and the reason for the cancellation within ten days of the cancellation becoming effective, thus satisfying the statutory requirements of La. R.S. 22:636.1(D).
In addition, Clarendon argues that the cancellation at issue is sufficiently similar to the one found in Folds to be in compliance with La. R.S. 22:636.1(D) such that we should uphold the trial court’s finding that Evans’ policy had been properly can-celled prior to the date of the accident. Clarendon submits that it is of no moment that the notice in Folds stated that the policy “is cancelled”, while their notice to Evans provided that his policy “will be cancelled” if payment was not received by a specific date and time. Moreover, Clarendon points out that the notice of cancellation that it sent to Evans informed him that it was the only notice that he would receive.
Finally, Clarendon submits that plaintiffs have no standing to challenge whether Evans received proper notice that his policy was going to be canceled. In support of this argument, it cites Chrysler Credit Corp. v. Liberty Mutual Ins. Co., 483 So.2d 1140 (La.App. 5 Cir.1986), wherein the court held that a third party loss payee, whose interest was merely conditional, did not have a vested right in | athe contractual relationship between the insurer and its insured and thus was not entitled to notice from the insurer of the insured’s cancellation of its business automobile policy-
This Court has held that language similar to that contained in the Clarendon notice was sufficient to put the insured upon notice of impending cancellation of the policy. Rachuba v. Hickerson, 503 So.2d 570 (La.App. 4 Cir.1987). In Rachu-ba, the notice read in large capital letters: “THE INSURANCE AFFORDED WILL STOP ON THE DATE AND TIME STATED ABOVE” and further stated in smaller capital letters next to the word URGENT: “IF YOU DESIRE TO CONTINUE YOUR INSURANCE PROTECTION, RETURN THIS PART OF THE NOTICE WITH YOUR PAYMENT FOR THE AMOUNT SHOWN AS PAST DUE. IT MUST REACH U.S. PRIOR TO THE DATE SHOWN BELOW.” The court held this language to comply with LSA-R.S. 22:636.1 in form and content. Id., at 571-573.
Additionally, we held in Gooden v. McMorris, 588 So.2d 783, 785 (La.App. 4 Cir.1991), that a notice’s language authorizing the insured to save the policy by paying the balance due on the account did *344 not contradict or confuse the fact that the notice clearly stated that it was a notice of cancellation for non-payment of premium, effective May 27, 1986. See also Hemperly v. Aetna Cas. & Sur. Co., 516 So.2d 1202, 1206-1207 (La.App. 2 Cir.1987).
The purpose of a notice of cancellation is to make the insured aware that his policy is being terminated and to afford him time to obtain other insurance protection. Rachuba, 503 So.2d at 571.
We conclude that the notice sent to Evans by Clarendon was an unambiguous and unequivocal notice of cancellation. Evans was clearly put on [ ¡¡notice that his coverage would terminate at 12:01 a.m. on July 30, 1995, if his payment was not received or postmarked prior to that date. The notice was in compliance with La. R.S. 22:636.1(D).
Finally, we agree in principle, without deciding, that there is merit to Clarendon’s argument that the plaintiffs, who were not parties to the insurance contract between it and Evans, have no valid interest in the communications between it and Evans, and thus have no standing to challenge whether Evans received proper notice that his policy was to be cancelled for nonpayment of premium.

CONCLUSION

For the reasons expressed herein, the judgment of the trial court is affirmed.
AFFIRMED.