**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0886

RONNIE E. JARVIS

VERSUS

FOREMOST EXPRESS INSURANCE AGENCY, INC., MARCELLES A. TAYLOR, FELTON KEYES, JR., KENT & SMITH HOLDINGS, LLC, AND AMC INSURANCE COMPANY

*AHP by AMM*

Judgment Rendered: __**MAY 2 7 2021**__

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 669,602

The Honorable Janice Clark, Judge Presiding

* * * * *

Mark D. Plaisance
Marcus J. Plaisance
Prairieville, Louisiana

Scott M. Mansfield
Kelly R. Dick, Jr.
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellant
Ronnie E. Jarvis

Jack E. Truitt
Lou Anne Milliman
Michelle Mayne Davis
Nancy N. Butcher
Lauren A. Duncan
Covington, Louisiana

Attorneys for Defendant/Appellee
Foremost Insurance Company Grand
Rapids, Michigan

* * * * *

BEFORE:   McDONALD, HOLDRIDGE, AND PENZATO, JJ.

Holdridge J. concurs w/ Reasons

McDonald, J. concurs and assigns reasons.

**PENZATO, J.**

Appellant, Ronnie E. Jarvis, appeals a judgment granting summary judgment in favor of Foremost Insurance Company Grand Rapids, Michigan (Foremost)[1] and dismissing his claims with prejudice. For the reasons that follow, we reverse the trial court's judgment and remand the matter to the trial court.

## FACTS AND PROCEDURAL HISTORY

On November 1, 2017, Mr. Jarvis was driving in a westerly direction on I-10 in Ascension Parish, when an 18-wheeler rear-ended him. The tractor-trailer was being driven by Felton Keyes, Jr. The Peterbilt tractor was owned by Marcelles A. Taylor and was alleged to be insured by Foremost pursuant to a policy of liability coverage. The trailer was a dump trailer owned by Kent & Smith Holdings, LLC, (Kent & Smith), alleged to be insured by Zurich American Insurance Company (Zurich). Mr. Jarvis filed suit against Foremost, Mr. Taylor, Mr. Keyes, Kent & Smith, and Zurich. Foremost answered the petition, pleading the affirmative defense of lack of insurance coverage and asserting that the policy issued to its insured was cancelled on September 5, 2017, for non-payment of premium. Foremost filed a motion for summary judgment, asserting that the commercial insurance policy had been issued to M. Taylor Trucking, LLC, and was cancelled for nonpayment of premium prior to the accident.[2] After Foremost filed its motion for summary judgment with attachments in support of same, Mr. Jarvis added M. Taylor Trucking, LLC, as a defendant in his second supplemental and amending petition, alleging that M. Taylor Trucking, LLC, also owned the Peterbilt tractor. Foremost reasserted its

---

[1] Foremost was incorrectly named as Foremost Express Insurance Agency, Inc., in the petition for damages. Foremost filed an answer delineating its correct name, and Mr. Jarvis filed a first supplemental and amending petition to replace every reference to the incorrect name with Foremost Insurance Company Grand Rapids, Michigan.

[2] Kent & Smith and Zurich filed their own motion for summary judgment, which was heard at the same time as Foremost's motion for summary judgment. The trial court denied the motion for summary judgment filed by Kent & Smith and Zurich. The ruling is not at issue in the instant appeal.

denial of insurance coverage in its answer to the second supplemental and amending petition. After a hearing on Foremost's motion for summary judgment, the trial court signed an amended judgment on June 18, 2020, granting the summary judgment in favor of Foremost and dismissing all of Mr. Jarvis's claims against Foremost with prejudice.[3] It is from this judgment that Mr. Jarvis appeals, claiming that the trial court erred in determining that the cancellation notice relied upon by Foremost is legally sufficient pursuant to La. R.S. 22:1266.

## LAW AND DISCUSSION

Appellate courts review the grant or denial of a motion for summary judgment *de novo* using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Jackson v. Wise*, 2017-1062 (La. App. 1st Cir. 4/13/18), 249 So. 3d 845, 850, *writ denied*, 2018-0785 (La. 9/21/18), 252 So. 3d 914. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C. art. 966(A)(3); *Campbell v. Dolgencorp, LLC*, 2019-0036 (La. App. 1st Cir. 1/9/20), 294 So. 3d 522, 526. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Bass v. Disa Global Solutions, Inc.*, 2019-1145 (La. App. 1st Cir. 6/12/20), 305 So. 3d 903, 906-07, *writ denied*, 2020-01025 (La. 11/4/20), 303 So. 3d 651.

Summary judgment is appropriate for determining issues relating to insurance coverage. *Bosse v. Access Home Insurance Co.*, 2018-0482 (La. App. 1st Cir. 12/17/18), 267 So. 3d 1142, 1145. On a motion for summary judgment, if the issue

---

[3] The trial court had previously signed a judgment dated November 19, 2019. However, prior to an order of appeal being granted, the parties determined that the judgment was not a final judgment, and the trial court signed an amended judgment.

before the court is one on which the party bringing the motion will bear the burden of proof at trial, the burden of showing that there is no genuine issue of material fact is on the party bringing the motion. *See* La. C.C.P. art. 966(D)(1); *Rider v. Ambeau*, 2011-0532 (La. App. 1st Cir. 2/1/12), 100 So. 3d 849, 854. An insurer seeking to avoid coverage through summary judgment must prove some provision or exclusion applies to preclude coverage. *Halphen v. Borja*, 2006-1465 (La. App. 1st Cir. 5/4/07), 961 So. 2d 1201, 1204, *writ denied*, 2007-1198 (La. 9/21/07), 964 So. 2d 338. It is well settled that where an insurer defends a claim on the ground that the policy has been cancelled, the insurer bears the burden of establishing facts that will relieve it of liability. *Wiley v. Cornerstone National Ins. Co.*, 2012-0909 (La. App. 1st Cir. 4/25/13), 2013 WL 179512, at *2 (unpublished). The insurer must show facts constituting positive and unambiguous proof of understanding of cancellation of the policy. *Wiley*, 2013 WL 179512, at *2. Thus, in this case, the burden of proof on the motion for summary judgment remained with the insurer herein.

The insurer, Foremost, attached to its motion for summary judgment the petition; the answer; an affidavit of Paulette Terhune, an employee of Foremost; a Specialty Contractor's Policy issued to M. Taylor Trucking, LLC, bearing policy number SCP 08081715 for the policy period June 5, 2017 to June 5, 2018; several endorsements to the policy; a Notice of Cancellation of Insurance for Nonpayment of Premium dated August 18, 2017; and a notice to an additional insured of cancellation dated September 20, 2017. Mr. Jarvis opposed the motion for summary judgment. The only document attached to the opposition to the motion for summary judgment is an affidavit dated December 29, 2018, of Jacob James Sarver, a private process server, who attested that he had made several attempts to serve Mr. Taylor and was still attempting to do so. Mr. Jarvis argued in opposition to the motion for

4

summary judgment that the notice of cancellation upon which Foremost relies does not comply with the requirements for cancellation as set forth in La. R.S. 22:1266.[4]

The affidavit of Ms. Terhune and attachments thereto establish that Foremost issued a commercial insurance policy bearing policy number SCP08081715 to the named insured, M. Taylor Trucking, LLC, and provided coverage to several vehicles, including the 2000 Peterbilt tractor involved in the accident herein. The policy was effective from June 5, 2017 to June 5, 2018. On June 6, 2017, M. Taylor Trucking, LLC, notified Foremost of a change of address to 10629 Hwy. 18, Saint James, Louisiana, 70086 (Saint James address). On August 14, 2017, M. Taylor Trucking, LLC, notified Foremost that KNS Logistics (KNS) would be added as an additional named insured and that the address for KNS was 1555 Beauli Rd., Gonzales, Louisiana, 70737. All of these endorsement changes to the policy were sent by Foremost to the Saint James address.

On August 18, 2017, Foremost mailed M. Taylor Trucking, LLC, a notice of cancellation to the Saint James address. The notice of cancellation provided that the policy of insurance would be cancelled effective September 5, 2017, if the past amount due was not paid by that date. The notice of cancellation specifically provided, in pertinent part:

Notice of Cancellation for Nonpayment of Premium

\* \* \*

Our records reflect that we have not received payment for the amount due on the insurance policy(ies) listed below. Accordingly, all of the policy(ies) **will be cancelled as of the Cancellation Effective Date** shown below. The cancellation **will take effect** at 12:01 AM local time at your mailing address shown above. If we receive sufficient payment by that date and time, the insurance coverage(s) will continue without interruption.

**Note: This is the only notice you will receive.**

---

[4] As will be addressed subsequently herein, La. R.S. 22:1267, regarding commercial policies, actually applies to the facts of the present case.

5

(Emphasis added). The notice lists a "Cancellation Effective Date" of September 5, 2017, and states, "To maintain coverage beyond the Cancellation Effective Date, please pay ...." The Notice also contains a payment stub with a past due amount, a current amount due, and a total amount due, all of which are redacted.

Foremost did not receive the past due amount by September 5, 2017, or anytime thereafter. Foremost subsequently notified KNS that the policy, under which it had been named as an additional insured, had been cancelled. Foremost contends that the policy was cancelled effective September 5, 2017, for nonpayment of premium, and that it did not provide coverage for the accident which occurred on November 1, 2017.

Foremost asserts that it cancelled the policy due to nonpayment of premium, and even notified KNS of the cancellation, although it was not required by statute or the policy to notify the additional named insured. Jarvis maintains that the notice sent by Foremost is legally insufficient to constitute proper notice of cancellation. As do both parties, we recognize that La. R.S. 22:1266 applies to the cancellation of consumer automobile policies, and that the jurisprudence is limited to the interpretation of La. R.S. 22:1266. Louisiana Revised Statutes 22:1266(A) provides:

> (6) "Nonpayment of premium" means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit.

Insurers are permitted to cancel a policy for nonpayment of premium. La. R.S. 22:1266(B)(1)(a). The manner to effect the cancellation is provided in La. R.S. 22:1266(D)(1), which states in pertinent part, "when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason shall be given." Commercial policies are governed by La. R.S. 22:1267. "Nonpayment of premium" is defined as "the failure or inability of the named insured to discharge any obligation in connection with the payment of premiums on a policy of insurance

6

subject to this regulation, whether such payments are payable directly to the insurer or its producer or indirectly payable under a premium finance plan or extension of credit." La. R.S. 22:1267(B)(3). In order to effectuate a cancellation, the insurer must comply with La. R.S. 22:1267(C)(2)(a), which provides:

> A notice of cancellation of insurance coverage by an insurer shall be in writing and shall be mailed or delivered to the first-named insured at the mailing address as shown on the policy. Notices of cancellation based on R.S. 22:1267(C)(1)(b) through (g) shall be mailed or delivered at least thirty days prior to the effective date of the cancellation; notices of cancellations based upon R.S. 22:1267(C)(1)(a) shall be mailed or delivered at least ten days prior to the effective date of cancellation. The notice shall state the effective date of the cancellation.

Because we find no significant difference in the substance of these two statutes and due to the absence of jurisprudence concerning La. R.S. 22:1267, we will rely on the jurisprudence interpreting La. R.S. 22:1266.

Mr. Jarvis argues that the purported cancellation by Foremost is legally insufficient since it merely informs the insured that unless premiums due were paid, the policy would be cancelled, rather than clearly and unequivocally showing a "present cancellation" as required by *Ellzey v. Hardware Mutual Insurance Company of Minnesota*, 40 So. 2d 24, 28 (La. App. 1st Cir. 1949). (Appellant Brief at p. 5).

This court in *Ellzey* determined that a notice of cancellation that states the policy "**will be cancelled**" as of a certain date is insufficient to cancel the policy. The court stated that the notice must clearly and unequivocally show a present cancellation, not just be a demand for payment. *Ellzey*, 40 So. 2d at 28. In contrast, *Alexander v. State Farm Mutual Automobile Ins. Co.*, 148 So. 2d 898, 902 (La. App. 1st Cir. 1962) (on rehearing) (emphasis added), determined that a notice that stated "this policy **is cancelled**, effective on ..." was a legally sufficient notice of cancellation. The court found such language to be clear, unequivocal, and unambiguous. *Alexander*, 148 So. 2d at 902. *Alexander* distinguished *Ellzey*, which

7

was based on the policy language and not La. R.S. 22:636 (the applicable cancellation statute at the time).

Following *Ellzey* and *Alexander*, the First Circuit continued to interpret the statutory law to require a clear, unequivocal, and unambiguous notice of cancellation. In *Travelers Ins. Co. v. Jenkins*, 285 So. 2d 839, 842 (La. App. 1st Cir. 1973), after accepting late payments and reinstating the policy several times, the insurer returned a check to the insured due to insufficient funds and informed the insured it "will continue coverage … in order that you may have an opportunity to submit a replacement payment to us." The notice further stated, "If we have not received the replacement payment within the time mentioned above, the policy **will be cancelled effective that date.**" *Jenkins*, 285 So. 2d at 842 (emphasis added). The court explained that "**will be cancelled**" is different from "**is cancelled**", "**is hereby cancelled**", or "**stands cancelled.**" *Jenkins*, 285 So. 2d at 844 (emphasis added). The court in *Jenkins* held that merely informing the insured that unless the premiums were paid the policy would be cancelled amounts to a demand for payment of premiums rather than a notice of cancellation. *Jenkins*, 285 So. 2d at 844.

In addition to *Alexander*, other First Circuit cases interpreting notices of cancellation have stated that the language "**is hereby cancelled**" or "**is being cancelled**" is sufficient notice to cancel a policy. *Chapman v. Leger*, 405 So. 2d 604, 606-07 (La. App. 1st Cir. 1981), distinguished both *Ellzey* and *Alexander* finding that those cases "indicated that the insured might avoid cancellation by responding to the invitation to remit the premium payment." The notice at issue in *Chapman* stated the policy "**is hereby cancelled.**" *Winbush v. Polk*, 97-1967 (La. App. 1st Cir. 6/29/98), 713 So. 2d 1262, 1264, involved a notice of cancellation, which at the time was governed by La. R.S. 22:636.1(D)(1).[5] The notice stated,

---

[5] Louisiana Revised Statutes 22:636.1 was renumbered La. R.S. 22:1266 by 2008 La. Acts, No. 415, § 1, effective January 1, 2009.

8

"Cancellation to take effect at ...." It also stated, "Your policy **is being cancelled** for non-payment of premium." *Winbush*, 713 So. 2d at 1264 (emphasis added). The court noted that a cancellation notice must be unequivocal, and the determination of the sufficiency and effectiveness of a cancellation notice depends upon the language of that particular cancellation notice. *Winbush*, 713 So. 2d at 1264.

Unlike the notices of cancellation at issue in *Alexander*, *Chapman*, and *Winbush*, the notice sent by Foremost stated that the policy "**will be cancelled**." (Emphasis added). The First Circuit has continuously interpreted "**will be cancelled**" language in a notice of cancellation to be insufficient to comply with the statutory law. *State Farm Mutual Automobile Ins. Co. v. Villneuve*, 1998-2421 (La. App. 1st Cir. 12/28/99), 747 So. 2d 777, *writ denied*, 2000-0273 (La. 3/24/00), 758 So. 2d 156, involved a notice of cancellation entitled, "CANCELLATION NOTICE IF NOT PAID." It also stated, "YOUR POLICY **WILL BE CANCELLED** FOR NON-PAYMENT OF PREMIUM AT ... IF YOUR PREMIUM IS NOT PAID BY THE DUE DATE." *Villneuve*, 747 So. 2d at 778 (emphasis added). The court recognized that the unpaid balance on the notice was zero, and on the date mailed, the premium was not yet due. The court stated, "A notice of intent to cancel if the premium is not paid is not the same as a notice of cancellation for nonpayment of premium under [La.] R.S. 22:636.1." *Villneuve*, 747 So. 2d at 780. The court also held "[a] notice of intent to cancel is nothing more than a demand for payment, whereas a notice of cancellation positively puts an insured on notice that the policy will be cancelled." *Villneuve*, 747 So. 2d at 780 (*citing Dairyland Insurance Company v. Marks*, 468 So. 2d 841, 843 (La. App. 1st Cir. 1985), a case involving a premium finance company governed by La. R.S. 9:3550(G)). The *Villneuve* court determined that the notice of cancellation lacked the unequivocal cancellation language that was present in *Folds v. Protective Casualty Ins. Co.*, 26,323 (La. App. 2nd Cir.12/7/94), 647 So. 2d 1215, and was more similar to the equivocal language

9

in *Dairyland. Villneuve*, 747 So. 2d at 780. The *Villneuve* court also found that the cancellation notice at issue was a demand for payment, specifying that the policy would be cancelled if the premium was not paid and that no outstanding premium was due at the time the notice was mailed. *Villneuve*, 747 So. 2d at 780. *Villneuve* relied on the language of *Jenkins* that "**will be cancelled**" is different from "**is cancelled**", "**is hereby cancelled**", or "**stands cancelled**" to find that the notice of cancellation was insufficient. *Villneuve*, 747 So. 2d at 781 (emphasis added).

In *Wiley*, a more recent decision, another panel of this court discussed many of the above cited First Circuit cases in reversing a summary judgment granted to Cornerstone National Insurance Company, finding a notice of cancellation to be legally insufficient. The notice of cancellation was entitled, "**Notice of Intent to Cancel for Non-Payment of Premium**" and had a specific cancellation date. The notice also stated, "your policy **is cancelled or terminated** on the date and time indicated, for … **Non Payment of Premium[.]**" *Wiley*, 2013 WL 1792512, at *1 (some emphasis added). This court relied on La. R.S. 22:1266 and the jurisprudence outlined in *Jenkins*, *Villneuve*, and *Ellzey* to reverse the summary judgment. This court recognized that the language of the notice of cancellation stated "**is cancelled**", but determined that under the circumstances, that the notice, combined with a premium invoice and conditioned on the nonpayment of the premium by the due date, constituted a demand for payment rather than an unequivocal notice of cancellation. *Wiley*, 2013 WL 1792512, at *4. This court declined to follow the case of *Narcisse v. Evans*, 2001-1092 (La. App. 4th Cir. 1/16/02), 807 So. 2d 339, which held that a notice by Cornerstone similar to the one at issue constituted an effective cancellation. *Wiley*, 2013 WL 1792512, at *3.

The notice of cancellation issued by Foremost contains the language "**will be cancelled.**" (Emphasis added). The notice of cancellation is also a demand for payment as it contains language that if sufficient payment is received the insurance

10

coverage will continue and additional language stating that to maintain coverage beyond the cancellation effective date the insured must pay the amount past due. Foremost has provided no First Circuit decision that has interpreted a similar notice to be a clear, unequivocal, and unambiguous notice of cancellation. Pursuant to the jurisprudence of this circuit, the notice is legally insufficient to have cancelled the policy.

Foremost argues that commercial policies governed by La. R.S. 22:1267 are distinguishable from consumer policies governed by La. R.S. 22:1266. As we stated above, we do not find the language in the two statutes to be so dissimilar that the jurisprudence interpreting La. R.S. 22:1266 is not applicable. Foremost relies on *Hodges v. Colonial Lloyd's Ins.*, 546 So. 2d 898 (La. App. 1st Cir. 1989), to assert that "**will be cancelled**" language was sufficient notice in a commercial automobile policy to cancel the policy. *Hodges* involved a premium finance company, which is governed by La. R.S. 9:3550(G) that sets forth the conditions for a premium finance company to cancel a policy of insurance for nonpayment of premium. Furthermore, in *Hodges*, although a first notice did state the policy "**WILL BE CANCELLED**" if the premium was not paid, a second notice was sent stating that the "**POLICY HAS BEEN TERMINATED.**" *Hodges*, 546 So. 2d at 903. We do not find that *Hodges* stands for the proposition asserted by Foremost—that the "**will be cancelled**" language is only insufficient for consumer policies, not commercial ones.

Foremost also asserts that the present case is distinguishable from the *Villneuve* decision, because an outstanding balance was due in the present case at the time the notice of cancellation was issued, unlike the factual scenario of *Villneuve*. Although Foremost argues that a balance was due, the notice in the record before us is void of any information concerning the past, current, and total amounts due, as these are redacted. Therefore, it is impossible to determine whether there was actually any amount past due, and we are unable to distinguish *Villneuve* from

11

the present facts based on the record. Also, in *Wiley*, this court found no effective cancellation even though the insurer used the phrase "**is cancelled**" in the notice of cancellation when the notice was attached to a premium due notice. *Wiley*, 2013 WL 1792512, at *4.

Foremost further urges this court to follow the interpretation of other circuits that have determined that the language "**will be cancelled**" in a notice of cancellation is legally sufficient to cancel a policy. We recognize that other circuits have found similar language to be sufficient to effect cancellation.[6] However, we are constrained to follow existing First Circuit jurisprudence. *See Pontchartrain Natural Gas System v. Texas Brine Co., LLC*, 2018-0001 (La. App. 1st Cir. 6/4/18), 253 So. 3d 156, *writ denied*, 2018-1124 (La. 9/28/18), 253 So. 3d 147 (recognizing this court is bound by the "law of the circuit" doctrine to follow prior decisions); *see also* Internal Rules of Court, First Circuit Court of Appeal, Rule 2.1(d)(1); *H.J. Bergeron, Inc. v. Parker*, 2006-1855 (La. App. 1st Cir. 6/8/07), 964 So. 2d 1075, 1076 n.2. Following a *de novo* review of this matter, we find that Foremost has not carried its burden that its notice of cancellation was clear, unequivocal, and unambiguous so as to entitle it to summary judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, the June 18, 2020 judgment of the trial court granting the motion for summary judgment in favor of Foremost Insurance Company Grand Rapids, Michigan is reversed. This matter is remanded to the trial court for further proceedings consistent herewith. All costs of this appeal are assessed against Foremost Insurance Company Grand Rapids, Michigan.

**REVERSED AND REMANDED.**

---

[6] *See Lewis v. Coleman*, 48,173 (La. App. 2nd Cir. 6/26/13), 118 So. 3d 492, 499-502, *writ denied*, 2013-1993 (La. 11/15/13), 125 So. 3d 1108; *Narcisse*, 807 So. 2d at 344; *Hunter v. Automotive Casualty Ins. Co.*, 606 So. 2d 571, 572 (La. App. 5th Cir.), *writ denied*, 609 So. 2d 225 (La. 1992); and *Hemperly v. Aetna Casualty & Surety Co.*, 516 So. 2d 1202, 1206 (La. App. 2nd Cir. 1987).

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0886

RONNIE E. JARVIS

VERSUS

FOREMOST EXPRESS INSURANCE AGENCY, INC., MARCELLES A.
TAYLOR, FELTON KEYES, JR., KENT & SMITH HOLDINGS, LLC, AND
AMC INSURANCE COMPANY

McDonald, J. concurs:

I believe the majority opinion is correct only because of the years of
misinterpretation of the English language that goes all the way back to 1949 with the
decision in *Ellzey*. I believe the terms "will be cancelled," "is cancelled," or "stands
cancelled" have the same meaning when followed by a date and time certain. As
such this language unequivocally conveys to the insured a notice of cancellation.
This language provided a clear, express statement that the policy is being cancelled
on that date and time. I believe the analysis in the decisions by other courts is better
than that following *Ellzey*.

In *Narcisse v. Evans*, 2001-1092 (La. App. 4th Cir. 1/16/02), 807 So. 2d
339, 344, the court stated:

> We conclude that the notice sent to Evans by Clarendon was an
> unambiguous and unequivocal notice of cancellation. Evans was
> clearly put on notice that his coverage would terminate at 12:01 a.m.
> on July 30, 1995, if his payment was not received or postmarked prior
> to that date. The notice was in compliance with La. R.S. 22:636.1(D).

The language at issue in *Narcisse* was as follows:

> NOTICE OF INTENT TO CANCEL FOR NON-PAYMENT OF
> PREMIUM
> * * THIS IS THE ONLY NOTICE YOU WILL RECEIVE * *

> You are hereby notified in accordance with the terms and conditions
> of the above-mentioned policy that your insurance will be cancelled

1

at 12:01 am Standard Time on 7/30/95 if premium due is not postmarked prior to the cancellation date.

I am more persuaded by this decision of the Fourth Circuit, and those cases cited in footnote 6[1] by the majority in the present case, than by the prior decisions of the First Circuit. For these reasons I respectfully concur.

---

[1] *See Lewis v. Coleman*, 48,173 (La. App. 2nd Cir. 6/26/13), 118 So. 3d 492, 499-502, <u>writ denied</u>, 2013-1993 (La. 11/15/13), 125 So.3d 1108; *Hunter v. Automotive Casualty Ins. Co.*, 606 So. 2d 571, 572 (La. App. 5th Cir.), *writ denied*, 609 So. 2d 225 (La. 1992); and *Hemperly v. Aetna Casualty & Surety Co.*, 516 So. 2d 1202, 1206 (La. App. 2nd Cir. 1987).

RONNIE E. JARVIS

VERSUS

FOREMOST EXPRESS INSURANCE
AGENCY, INC., MARCELLES A.
TAYLOR, FELTON KEYES, JR.
KENT & SMITH HOLDINGS, LLC,
AND AMC INSURANCE COMPANY

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0886



**HOLDRIDGE, J., concurring.**

I agree that the trial court's granting of the summary judgment should be reversed because Foremost did not meet its burden of establishing that it was entitled to summary judgment as a matter of law. La. C.C.P. art. 966A(3). The mover acknowledges that First Circuit jurisprudence does not recognize the language in Foremost's cancellation notice to be sufficient. While other circuits may reach a different result, the mover did not meet the standard required under La. C.C.P. art. 966 to prove that it was entitled to judgment as a matter of law in this circuit.